## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | |
|---|---|
| IN RE: LANDAMERICA 1031 EXCHANGE SERVICES, INC. INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION | ) ) ) ) ) **MDL No. 2054** |
| Angela M. Arthur, as Trustee of the Arthur Declaration of Trust, dated December 29, 1988; Vivian R. Hays, an individual; Leapin Eagle, LLC, a limited liability company; Denise J. Wilson, an individual; Gerald R. Terry, an individual, Ann T. Robbins, an individual; and Jane T. Evans, an individual; on their own behalf and on behalf of a class of others similarly situated, | ) ) ) ) **Southern District of California** ) **C.A. No. 3:09-cv-00054** ) ) ) **District of South Carolina** ) **C.A. No.: 8:09-cv-00415** ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SunTrust Bank; Theodore L. Chandler, Jr.; G. William Evans; Stephen Conner; Ronald B. Ramos; Devon M. Jones; and Brenton J. Allen, | ) ) ) ) |
| Defendants. | ) ) |

## [~~PROPOSED~~] ORDER CERTIFYING A SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL, PRELIMINARILY APPROVING THE PARTIES' CLASS ACTION SETTLEMENT AGREEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A HEARING ON THE FAIRNESS OF THE CLASS ACTION SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE 23(e)

This matter comes before the Court pursuant to Plaintiffs' Motion to Certify a Settlement

Class, to Appoint Settlement Class Representatives and Settlement Class Counsel, to Approve

the Form and Manner of Notice, to Preliminarily Approve the Settlement, and to Schedule a Fairness Hearing ("Preliminary Approval Order").

Plaintiffs, on behalf of themselves and the Settlement Class (as defined below), have entered into a Class Action Settlement Agreement with the above-named defendants, Thomas L. Chandler, Jr., G. Williams Evans, Stephen Connor, Ronald B. Ramos, Devon M. Jones, Brenton J. Allen, and certain of their insurance carriers, as set forth in the Class Action Settlement Agreement, to settle the Released D&O Claims against the Released D&O Parties (as defined in the Class Action Settlement Agreement) and the Released Insurance Claims against any of the Released Insurer Parties (as defined in the Class Action Settlement Agreement) in exchange for payment of (a) $4.2 million if no Settlement Class Members exclude themselves from the Class Settlement, or (b) $4 million if one or more Settlement Class Members exclude themselves from the Settlement Class, do not timely and validly retract their requests for exclusion as provided in Section 8.6 of the Class Action Settlement Agreement, and none of the Settling Individual Defendants and none of the other individuals named as defendants in the adversary proceeding, *Matson v. Alpert*, Adv. Pro. No. 11-3168 (KRH) (Bankr. E.D. Va.) ("D&Os") terminates the Class Action Settlement Agreement. The Class Action Settlement Agreement is intended to settle and release the Released Claims (as defined in the Class Action Settlement Agreement) that members of the Settlement Class have against the above-Settling Individual Defendants, the other D&Os, and the other Released Parties as defined in the Class Action Settlement Agreement.

The Class Action Settlement Agreement is subject to review under Rule 23 of the Federal Rules of Civil Procedure. The Court has reviewed and considered: the Plaintiffs Motion and

Memorandum in Support of Motion to Certify a Settlement Class, to Appoint Settlement Class Representatives and Settlement Class Counsel, to Approve the Form and Manner of Notice, to Preliminarily Approve the Settlement, and to Schedule a Fairness Hearing ("Plaintiffs' Motion"); the Settlement Agreement; the proposed Notice of (A) Certification of Settlement Class, (B) Appointment of Class Counsel, and (C) Application for Approval of Class Settlement; and the supporting Declaration of Cheryl F. Perkins.

# I.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL.

Rule 23(e) of the Federal Rules of Civil Procedure governs settlements of class action lawsuits. It provides that a "class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

The procedure for review of a proposed class action settlement is well-established. The Manual for Complex Litigation sets forth a two-step procedure for approval of a class action settlement. The first step is that the court reviews the proposed settlement to determine whether it "is 'within the range of possible approval' or, in other words, whether there is 'probable cause' to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citations omitted). The second step is for the court, after the notice period, to hold the final approval hearing – the fairness hearing – and determine whether the settlement should be finally approved. *Id.; see* also Fed. R. Civ. P. 23(e).

For preliminary approval, a settlement "need not satisfy every single concern of the plaintiff class, but may fall anywhere within a broad range of upper and lower limits." *South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 335, 339 (D.S.C. 1991), *quoting In re Saxon Sec. Litig.*, Fed. Sec. L. Rep. (CCH) P92, 414 at 91,525. The Court should examine whether there is a

3

probability that the settlement could be finally approved, warranting notification to the class. *Horton*, 855 F. Supp. at 827.

At this preliminary stage of the proceedings, this Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Domonoske v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 7242 at \*48-49 (W.D. Va. Jan. 27, 2010), *quoting* Manual for Complex Litigation (Fourth) § 21.632 (2004). This determination, necessarily, is committed to the sound discretion of the district court. *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (class settlements must be evaluated "on a case-by-case basis, in light of the relevant circumstances").

When evaluating whether to grant preliminary approval of a class settlement, this Court need "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 (1981). "The trial court should not ... turn the settlement hearing 'into a trial or a rehearsal of the trial' nor need it 'reach any dispositive conclusions on the admittedly unsettled legal issues' in the case." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172-73 (4th Cir. 1975). Instead, the Court should "limit its proceedings to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Id.* at 1173.; *see also In re Jiffy Lube Sec. Litig*, 927 F.2d 155, 158 (4th Cir. 1991).

The Fourth Circuit has articulated two factors that govern whether a proposed settlement conforms to the requirements of the Federal Rules at the preliminary approval stage – fairness and adequacy. *Jiffy Lube*, 927 F.2d at 158-59.

4

## A.    Fairness

In order to determine whether a proposed settlement is fair to the parties, courts consider: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel [.]" *Id.*

In assessing a proposed class action settlement, "a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Brunson v. Louisiana-Pacific Corp.*, 818 F. Supp. 2d 922, 927 (D.S.C. 2011) *quoting* Newberg & Conte, Newberg on Class Actions (3d ed. 1992) § 11.41. *See also M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987) (presumption of fairness attaches to the proposed settlement if the settlement is "reached after meaningful discovery [and] after arm's length negotiation []] conducted by capable counsel"); Annotated Manual for Complex Litigation § 21.6 (4th ed. 2006); Newberg on Class Actions § 11.42 (4th ed. 2008); 3B Moore's Federal Practice ¶ 23.160, *et seq.* (3d ed. 2009).

Here, the proposed Class Action Settlement readily satisfies the "fairness" standard for preliminary approval.

The record demonstrates that prior to and during the course of this litigation, Plaintiffs' counsel conducted an extensive investigation relating to the class claims and the underlying events and transactions alleged herein and researched the applicable law with respect to the claims and potential claims and potential defenses. The record also indicates that the settlement

5

was reached after a lengthy mediation and negotiation process assisted by the Honorable Layn R. Phillips, a mediator recognized for his expertise in complex civil disputes. Courts will take into account whether a settlement was reached with the assistance of a respected and experienced mediator. *See, e.g., In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 352 (E.D.N.Y. 2000) ("Most significantly, the settlements were reached only after arduous settlement discussions conducted in a good faith, non-collusive manner, over a lengthy period of time, and with the assistance of a highly experienced neutral mediator[.]").

Plaintiffs counsel assert that they agreed to the terms of the Class Action Settlement Agreement after this protracted negotiation and after thorough evaluation of (a) the substantial benefits a Settlement Class would receive as a result of the settlement, if approved, (b) the risks of protracted litigation in this case, which would involve highly complex legal and factual issues relating to jurisdiction, standing, liability, class certification, and damages; (c) that continued pursuit of the class claims against the Individual Defendants would involve substantial uncertainties, delays, and other risks inherent in litigation, including the potential non-collectability if a judgment were rendered, and (d) the desirability of permitting the settlement to be consummated as provided by the terms of this Class Action Settlement Agreement in the context of the overall global settlement and the benefits thereby accruing to the putative class members. Plaintiffs and their counsel, after these extended discussions and arm's-length negotiations, state that they believe the settlement represents the best relief possible consistent with the interests of the Plaintiffs and the putative class.

Proposed class counsel have extensive experience and qualifications in this area. Mr. Brace has extensive experience in pursuing litigation arising from the operation of IRS Section

6

1031 exchange facilitators/intermediaries and Mr. Foley has been class counsel in a number of exchange facilitator Ponzi scheme cases. Ms. Perkins and Mr. Gilreath have served as Class Counsel in a wide variety of complex class action cases, including cases under the Employee Retirement Income Security Act ("ERISA"), the Worker Adjustment and Retraining Notification Act (the "WARN Act"), and various securities acts.

Accordingly, the factors relating to fairness of the proposed settlement amply demonstrate that the settlement falls within the range of possible final approval.

## B.     **Adequacy**

In determining whether the proposed settlement is adequate, relevant factors to consider include: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Jiffy Lube*, 927 F.2d at 159.

This Court recognizes that the Individual Defendants vigorously dispute the Plaintiffs' claims on numerous grounds and "their dispute underscores . . . the uncertainty of the outcome[.]" *See Rowles v. Chase Home Fin., LLC*, 2012 U.S.Dist. LEXIS 3264, *7 (D.S.C. Jan. 10, 2012); *see, also In re Red Hat Sec. Litig.*, 2010 U.S. Dist. LEXIS 68619, at *4 (E.D.N.C. June 11, 2010) (finding settlement adequate where plaintiffs believed their case had merit, but were "mindful of the inherent problem of proof . . . and possible defenses"). In addition, it is clear that jurisdictional issues will be hard fought and that the Individual Defendants would likely appeal an adverse jurisdictional ruling and other adverse rulings. *See, e.g., In re*

*Microstrategy, Inc. Sec. Litig.*, 148 F.Supp.2d 654, 665-67 (E.D. Va. 2001) (finding settlement adequate where favorable jury verdict was uncertain and adverse ruling upon appeal could have overturned any result plaintiffs might have obtained at trial). As the Maryland District Court noted in *In re Montgomery Cnty. Real Estate Antitrust Litig.*, 83 F.R.D. 305, 317 (D. Md. 1979):

> Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any class certification order entered in this Action.

This proposed settlement involves individuals who are insured under various commercial policies. Plaintiffs state that the solvency of the individuals in terms of personal assets is not yet known, that they have been provided with the extent of available insurance. These policies may be drawn upon to fund defense costs and expenses and further pursuit of the litigation could significantly deplete the coverage available to pay a judgment if Plaintiffs were successful on the merits.

This Court has been advised that the LFG Trustee estimates that if the LFG Trustee's Settlement Agreement and certain other pending settlement agreements are approved, the commingled Exchangers will receive from the LES bankruptcy estate the full amount of Exchange Funds the commingled Exchangers had paid to LES under the section 1031 exchange contracts. The proposed $4 million to $4.2 million settlement amount, over and above the Bankruptcy payments, is substantial given the extent of recovery already made and expected to be made by the putative class members.

"The voluntary resolution of litigation through settlement is strongly favored by the courts" and is "particularly appropriate" in class actions. *South Carolina Nat'l Bank v. Stone*, 749 F. Supp. 1419, 1423 (D.S.C. 1990). Based on the foregoing, the settlement is clearly adequate

8

and within the range of possible final approval.

## II. THE CLASS SHOULD BE CONDITIONALLY CERTIFIED AS A SETTLEMENT CLASS UNDER RULE 23(b)(3).

### A. The Settlement Class Meets the Requirements of Rule 23(a).

A court can certify a settlement class where plaintiffs demonstrate that the proposed class and proposed class representatives meet the four prerequisites in Fed. R. Civ. P. 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Fed. R. Civ. P. 23(b). Here, pursuant to Rules 23(a) and (b)(3), Plaintiffs seek certification of a defined Settlement Class consisting of:

> Each and every person and entity (including the Settlement Class Representatives) who entered into one or more 1031 exchange contracts with LandAmerica 1031 Exchange Services, Inc. ("LES") after February 11, 2008, and whose funds for 1031 exchange transactions were commingled, in whole or in part, with funds of other 1031 customers of LES, and who has been denied access (or who did not receive timely access pursuant to the commingled exchanger's 1031 exchange contract) to any of those funds as a result of or arising out of (a) the bankruptcy of LES, or (b) any of the events, acts or conduct alleged in the ACC or the SACC filed in this Class Action. The Settlement Class shall also include any person or entity that holds an assignment, participation, or other interest in a claim relating to or arising from a person's or entity's denial of access (or from not receiving timely access) to commingled exchanged funds pursuant to a LandAmerica 1031 Exchange Services, Inc. exchange contract.

The existence of "a potential settlement is a relevant consideration when considering class certification. 'If not a ground for certification per se, certainly settlement should be a factor, and an important factor, to be considered when determining certification.'" *Temp. Serv., Inc. v. Am. Int'l Groups, Inc.*, 2012 U.S. Dist. LEXIS 86474, *3 (D.S.C. June 22, 2012) *quoting, In re A.H. Robins Co., Inc.*, 880 F.2d 709, 740 (4th Cir. 1989) *abrogated by Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

The claims that are pending against the Individual Defendants are breach of fiduciary duty, negligence, fraud and constructive fraud. This proposed class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality and adequacy of representation with regard to these claims.

### 1. Numerosity

The proposed class of more than 400 commingled Exchangers and assignees is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticable does not mean impossible. The Court may find the numerosity factor satisfied if the Court concludes it would be difficult, inconvenient, and wasteful to attempt to join more than 400 plaintiffs into one case, using permissive joinder. In *Bates v. Tenco Services, Inc.*, the court found that "a lawsuit with potentially one hundred and eighty plaintiffs presents logistical problems that make the practicality of permissive joinder dubious." 132 F.R.D. 160, 163 (D.S.C. 1990); *William v. Henderson*, 129 Fed. Appx. 806, 811 (4th Cir. 2005) (indicating that a class with over thirty members justifies a class).

The efficiency of a Rule 23 class action in this matter is obvious.

### 2. Commonality

The Rule 23(a)(2) requirement for common questions of law or fact for a class action is achieved with the existence of a single common question of either law or fact; not all questions of law or fact need be common. *L.S. v. Delia*, 2012 U.S. Dist. LEXIS 43822, *25 (E.D.N.C. March 29, 2012).

The Supreme Court recently clarified that, in order to satisfy the commonality requirement of Rule 23(a), the plaintiff must "demonstrate that the class members 'have suffered

the same injury.'" *Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374

(2011) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L.

Ed. 2d 740 (1982)), and that the claim "depend[s] upon a common contention" that "is capable of

classwide resolution – which means that determination of its truth or falsity will resolve an issue

that is central to the validity of each one of the claims in one stroke." *Id.*

It appears to the Court that there are factual and legal issues concerning the Individual

Defendants' potential liability to Plaintiffs and the putative class members that are common.

Plaintiffs contend that the case turns upon proof of conduct of the Individual Defendants

common to the class as a whole: whether the Individual Defendants deceived the Exchangers

concerning the financial status of LES and its intended disposition of the Exchange Funds.

Plaintiffs contend that, at a minimum, the Individual Defendants were negligent in soliciting and

mishandling the Exchangers Funds in the face of the dire financial condition of LES, when

decisions were made to spend, rather than invest, exchange funds.

The commonality requirements of Rule 23(a) are abundantly met.

3.    *Typicality*

The typicality prerequisite of Rule 23(a) generally is satisfied if the plaintiffs' claims arise

from the same practices and are based on the same theory of law as the claims of the class.

*Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998). In the

words of the Supreme Court, "[t]he typicality requirement is said to limit the class claims to

those fairly encompassed by the named plaintiffs' claims." *Gen. Tel. Co. of the N.W., Inc. v.*

*Equal Employment Opportunity Comm'n*, 446 U.S. 319, 330 (1980). This alignment of similar

interests and similar injuries assures that the class representatives have interests and incentives

11

consistent with those of absent class members, such that the absentee members' interests are protected: "[A] plaintiff with typical claims will pursue his or her own self interest and in so doing will advance the interests of the class members, which are aligned with those of the representative." 1 *Newberg on Class Actions*, *supra* at § 3.13, p. 3-77.

All of the LES Exchangers lost Exchange Funds deposited with LES. The named Plaintiffs allege that each Individual Defendant knowingly participated in some way in the conduct that injured all of the LES Exchangers and resulted in this loss. Because the named Plaintiffs "possess the same interest and suffered the same injury as the class members," their interests are in harmony with those of the proposed class and the adequacy of representation requirement is met as to them. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997). Typicality of the claims is established.

### 4. Adequacy of Representation

The final hurdle of Rule 23 (a)(4) requires adequacy of representation. The adequacy of representation prerequisite requires the Court to be satisfied that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This standard is met if "the named plaintiff has interests common with, and not antagonistic to, the [c]lass's interests; and . . . the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation." *Souter v. Equifax Info. Servs.*, LLC, 2011 U.S. Dist. LEXIS 34267 (E.D. Va. Mar. 30, 2011), quoting *In re Se. Hotel Props. Ltd. P'ship Investor Litig.*, 151 F.R.D. 597, 606-07 (W.D.N.C. 1993).

No conflict exists between the named Plaintiffs and the Settlement Class members. The money recovered is to be disbursed on a pro-rated basis. Thus, there is no antagonism between

12

the named Plaintiffs and the class.

The records demonstrates that the named Plaintiffs have a clear understanding of the issues in this case and have been involved in the litigation. Plaintiffs' counsel state that the named Plaintiffs have assisted in developing the facts, have reviewed all pleadings, have communicated regularly with their counsel and have and will continue to take a very active role in this litigation. They are proper parties to be appointed as Class Representatives.

The named Plaintiffs are represented by counsel with significant qualifications and experience in the field, as described above. These firms – Whetstone Myers Perkins & Fulda, LLC, The Gilreath Law Firm, P.A., Hollister & Brace and Foley, Bezek, Behle & Curtis, LLP – collectively have a wide range of experience, not only in 1031 exchange cases, but in class action cases under ERISA and federal securities statutes, in multi-district litigation and other forms of representative litigation. They are familiar with the facts and procedural posture of this litigation and with the terms of and means to implement the proposed Class Action Settlement Agreement. They are qualified and should be appointed to serve as Class Counsel to oversee, implement and conclude the proposed Class Settlement.

**B.    The Requirements of Rule 23(b)(3) are met.**

*1.    Rule 23(b)(3) – Common Questions of Law and Fact Predominate.*

In addition to meeting the requirements of Rule 23(a), the proposed class must also fall within one of the three circumstances provided in Rule 23(b) for class certification to be proper. One of those circumstances is that a class may be maintained where the court finds that common questions of law or fact among the parties predominate over individual questions and that a class action is therefore the best available method for adjudicating the controversy. *See* Fed. R. Civ. P.

13

23(b)(3). Under Rule 23(b)(3), a proposed class must satisfy two factors: predominance and superiority. Rule 23(b)(3) applies in this case.

Common questions of law and fact do predominate over individual questions in this case. All of the class members signed essentially the same exchange agreements. All deposited their Exchange Funds with LES to be transferred to the same commingled account maintained by LES. None of the class members' exchanges were consummated when LES shut down.

Plaintiffs assert that this is not a case about the Plaintiffs' individual behavior, but rather a case about what the Individual Defendants' knew, what they represented, what they did after knowing LES was insolvent, and what they failed to do to ensure that the Exchange Funds were available when needed. The alleged proximate damages are uniform class-wide as all class members suffered failed exchanges and lost access to their Exchange Funds.

Plaintiffs contend that LES and its officers and directors breached their duties based on class-wide conduct in that Plaintiffs allege the Individual Defendants directed the Exchange Funds into an account where the funds were commingled with LES operating funds and then used to keep LES's business going rather than held and invested. Plaintiffs allege that the Individual Defendants failed to establish any type of internal controls over this commingled account to foster compliance with the "guarantee" of availability of the funds recited in the exchange agreements they drafted. Plaintiffs contend that the Defendants drew upon funds from multiple sources to keep LES operating and bringing in new exchange money when objectively the company was likely not salvageable.

Accordingly, the issues that are central to the validity of these claims predominate.

2. *Rule 23(b)(3) Superiority of Class Action*

14

Because the Court is asked to certify this action for settlement purposes only, it need not determine whether the Class would be manageable for litigation purposes in order to approve the Settlement Class. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems," under Fed. R. Civ. P. 23(b)(3)(D). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248, 138 L. Ed. 2d 689 (1997).

## III.    THE PROPOSED NOTICE IS ADEQUATE.

For any class certified under Rule 23(b)(3), the court must order that class members receive the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). For a binding settlement, the Court must direct the Plaintiffs to give notice in a reasonable manner to all class members who would be bound by the proposed settlement. Fed. R. Civ. P. 23(e). Class members are entitled to know the terms of the agreement. Class members are entitled to a notice which clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Class members are also entitled to notice of the fees and costs being requested by class counsel and given an opportunity to object. Rule 23(h).

The Notice in this case fully complies with Rule 23(e) and with the requirements of due process. The Notice is written in plain language and includes: (1) a description of the settlement

15

class; (2) a description of the proposed settlement; (3) the names of counsel for the class; (4) a fairness hearing date; (5) a statement of the deadlines for filing objections to the settlement, and for filing requests of exclusion; (6) the consequences of such exclusion; (7) the consequences of remaining in the settlement class; (8) a statement of the attorneys fees, litigations expenses and estimated claims administration costs sought; and (9) information on how to obtain further information.

The parties have agreed on the form of notice to be disseminated to all people who fall within the definition of the Class and whose names and addresses can be reasonably identified. The notice is to be mailed to all members of the class who can be identified from the claims filings in the Bankruptcy Court to the last known address. The parties also have secured agreement by the LES Trustee to post the Notice on the Trustee's website to further facilitate notice to class members.

Thus, the proposed method of notice comports with Rule 23 and the requirements of due process.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Settlement Class members, and the Defendants pursuant to 29 U.S.C. § 1132(e).

2.     To the extent not otherwise defined herein, all defined terms shall have the same meaning as used in the Class Action Settlement Agreement attached to Plaintiffs' Motion as Exhibit A.

3.     The Court finds, for the purposes of the settlement only, that the prerequisites of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the

16

Settlement Class is ascertainable based on objective criteria, and members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named class representatives are typical of the claims of the Settlement Class they seek to represent; (d) the class representatives and their counsel will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual Settlement Class members; and (f) a class action is superior to any other available method to accomplish the fair and efficient adjudication of the controversy.

4.  Pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, and for the purpose of settlement only, this action is hereby certified as a Rule 23(b)(3) class action with class members consisting of those persons within the Settlement Class as defined below:

Each and every person and entity (including the Settlement Class Representatives) who entered into one or more 1031 exchange contracts with LandAmerica 1031 Exchange Services, Inc. ("LES") after February 11, 2008, and whose funds for 1031 exchange transactions were commingled, in whole or in part, with funds of other 1031 customers of LES, and who has been denied access (or who did not receive timely access pursuant to the commingled exchanger's 1031 exchange contract) to any of those funds as a result of or arising out of (a) the bankruptcy of LES, or (b) any of the events, acts or conduct alleged in the Amended Consolidated Complaint or the Second Amended Consolidated Complaint filed in this Class Action. The Settlement Class shall also include any person or entity that holds an assignment, participation, or other interest in a claim relating to or arising from a person's or entity's denial of access (or from not receiving timely access) to commingled exchanged funds pursuant to a LandAmerica 1031 Exchange Services, Inc. exchange contract.

5.  The proposed Settlement is hereby preliminarily approved. The Court finds that the parties' negotiations took place at arm's-length, that there was sufficient investigation and discovery, that the proponents of the settlement are experienced in similar litigation, and that the proposed settlement is sufficiently fair, reasonable and adequate to receive preliminary approval

17

and to proceed to a Fairness Hearing.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Angela M. Arthur, as Trustee of the Arthur Declaration of Trust, dated December 29, 1988; Vivian R. Hays, an individual; Leapin Eagle, LLC, a limited liability company; Denise J. Wilson, an individual; Gerald R. Terry, an individual, Ann T. Robbins, an individual, and Jane T. Evans, an individual, are appointed by the Court as Class Representatives of the Settlement Class. Whetstone Myers Perkins & Fulda, LLC, The Gilreath Law Firm, P.A., Hollister & Brace, and Foley, Bezek, Behle & Curtis, LLP are appointed by the Court to act as Settlement Class Counsel.

7.     The Court finds that Whetstone Myers Perkins & Fulda, LLC, The Gilreath Law Firm, P.A., Hollister & Brace, and Foley, Bezek, Behle & Curtis, LLP are experienced in the field of complex litigation and class claims, and have knowledge of the law applicable to the claims asserted by commingled exchangers in the Second Amended Consolidated Complaint. Based on the record herein and the representations contained in the Declaration of Cheryl F. Perkins, these law firms have performed the legal work needed to understand (a) the claims asserted against the settling defendants and any potential claims that could be asserted against other individual or entity, which are being released pursuant to the proposed Class Action Settlement Agreement, and (b) the defenses to these claims. This Court is convinced that these law firms will commit the necessary financial and legal recourses to the case to justify appointing the firms as Settlement Class Counsel, pursuant to Rule 23(g)(1). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Whetstone Myers Perkins & Fulda, LLC, The Gilreath Law Firm, P.A., Hollister & Brace, and Foley, Bezek, Behle

18

& Curtis, LLP are hereby appointed as Settlement Class Counsel.

8.    This Court will consider whether to give final approval to the Settlement at a hearing on _November 7_ , 2012 at _l:o p.m._ (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. At the Fairness Hearing, the Court will consider:

(a)    any timely and proper objections to the Settlement and will determine whether the Settlement should be given final approval by the Court as fair, reasonable, and adequate;

(b)    whether a Final Judgment should be entered, dismissing the action against the settling Defendants with prejudice and whether a Bar Order should be issued in favor of the Defendants and the Released Parties precluding future litigation by Class Members over the Released Claims;

(c)    any timely and proper objections to the Settlement Class Counsel's Motion for Attorneys' Fees and Expenses and an award of such fees and expenses as the Court deems fair, reasonable and adequate; and

(d)    any other matters necessary or appropriate for the Court's consideration.

The Court reserves the right to approve the Settlement with modifications as may be agreed to by the parties without further notice to the Settlement Class members. The Fairness Hearing may be adjourned and rescheduled without further notice to the Settlement Class, other than by announcement in open court or by Order on the Court's docket.

9.    The Court approves the form of the proposed Notice of (A) Certification of Settlement Class, (B) Appointment of Class Counsel, and (C) Application for Approval of Class Settlement ("Notice") attached hereto as Exhibit A to this Order.

19

10.     The Court finds the proposed plan for dissemination of the Notice, by first class mail to the last known addresses of the Settlement Class members which are known or readily ascertainable, is the best practicable, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with due process, and is reasonably calculated under the facts of this Action to apprise members of the Settlement Class of (a) the Certification of a Settlement Class and appointment of Settlement Class representatives and counsel to the Settlement Class, (b) their opt-out rights, (c) the terms of the proposed Class Action Settlement Agreement, and (d) their right to object to and be heard regarding the Settlement and Class Counsel's Motion for Attorneys' Fees and Expenses. The Court also notes that Gerard A. McHale, as the Liquidation Trustee for and on behalf of the LandAmerica 1031 Exchange Services, Inc. Liquidation Trust has agreed to voluntarily post the Notice on the Trustee's website solely to facilitate notice to Settlement Class members with an appropriate disclaimer that the Trustee is not representing and has no duty to any Settlement Class members regarding the Class Action Settlement.

11.     The Court directs that the Notice, in the form set forth at Exhibit A hereto, shall be mailed by Settlement Class Counsel on or before **August 11, 2012**, to the last-known addresses of the Settlement Class members which are known or reasonably ascertainable and shall be served via the CM/ECF system to all counsel of record. Pursuant to the Class Action Settlement Agreement, the defendants shall not be responsible for any administration expenses, including but not limited to costs and expenses of providing the Notice to the members of the Settlement Class, costs and expenses associated with the administration of the Settlement Fund, escrow fees, taxes, and/or custodial fees. All such costs shall be borne by the Settlement Class and/or Settlement Class Counsel.

12. The Court sets the following schedule:

(a) The deadline for mailing the Notice to the class members of pendency of the Class Action Settlement shall be **August 11, 2012**. Settlement Class Counsel shall file an Affidavit attesting to the satisfaction of the Notice requirements described in Paragraph 11, on or before **October 20, 2012**.

(b) Settlement Class Counsel shall file their Motion for award of reasonable attorneys' fees and reimbursement of litigation expenses on or before **August 11, 2012** and shall post said Motion and supporting Declarations on the website of Whetstone Myers Perkins & Fulda, LLC at www.attorneyssc.com. The application for fees shall not exceed 25% of the gross settlement funds in accordance with the terms of the Settlement Agreement. The Motion will be heard at the Fairness Hearing.

(c) To be valid, a Request for Exclusion must be received by Settlement Class Counsel (via e-mail or U.S. mail) on or before **September 11, 2012** ("Requests for Exclusions Deadline"). Requests for Exclusion from the Settlement Class must be served upon Class Counsel at the physical or e-mail address set forth in the Class Notice and must include all of the information set forth in the Class Notice.

(d) Unless otherwise agreed by the Defendants, to be valid, a request to retract a Request for Exclusion must be received by Settlement Class Counsel (via e-mail or U.S. mail) on or before **October 15, 2012** (or such later date as Settlement Class Counsel and Counsel to the Defendants agree in writing). The retraction must be in writing and explicitly state the Class Member's desire to retract his, her, or its Request for Exclusion and to be bound by the Settlement and Final Judgment in this case, if approved.

(e) The Settlement Agreement grants any Defendant or other D&O Party until **September 25, 2012** (or such later date as Settlement Class Counsel and Counsel to the Defendants agree in writing) to terminate the agreement if any member or members of the Settlement Class submits a Request for Exclusion that is received by Settlement Class Counsel on or before the Requests for Exclusions Deadline, unless each such member of the Settlement Class submits a valid retraction of the Request for Exclusion to Settlement Class Counsel that is received on or before **October 15, 2012** (or such latter date as the Settlement Class Counsel and the Defendants agree in writing). Additionally, each Defendant or Released Party that sought to terminate the agreement may, by written notice to Settlement Class Counsel and counsel to the other Defendants or Released Parties (via e-mail or U.S. mail), withdraw the termination by serving a notice

21

withdrawing the termination that is received on or before **October 29, 2012** (or such later date as Settlement Class Counsel and Counsel to the Defendants agree in writing).

(f) The deadline for submitting objections to the Class Action Settlement or to the Motion for Attorneys' Fees and Expenses filed by Class Counsel shall be **September 11, 2012**. By the deadline for submitting objection to the Class Action Settlement Agreement or to the Motion for Attorneys' Fees, any objections must be filed with the Court and must be served upon Settlement Class Counsel at the address set forth in the Class Notice and must include all of the information set forth in the Class Notice. Any Settlement Class member who does not object in the foregoing manner shall be deemed to have waived all objections.

(g) Settlement Class Counsel shall file a Motion, Memorandum and any other documents in support of final approval of the Class Action Settlement Agreement and in response to any objections to the Class Action Settlement Agreement on or before **October 21, 2012**. In addition, Settlement Class Counsel may file any supplemental materials in support of the Motion for Attorneys' Fees and Expenses on or before **October 22, 2012**.

(h) Any objecting Settlement Class Member desiring to appear at the Fairness Hearing, in person or through counsel, and be heard to the extent permitted by this Court in opposition to the fairness, reasonableness and adequacy of the Class Action Settlement Agreement or regarding the Motion for Attorneys' Fees and Expenses must file with the Court notice of their intent to appear not less than five (5) business days prior to the scheduled date of the Fairness Hearing.

(i) The Fairness Hearing shall be held on _**November 7**_ , 2012, at _**1:00**_ o'clock _p_.m.

13. As provided for in the Class Action Settlement Agreement, pending final determination of whether the Settlement should be approved, Plaintiffs and each Settlement Class Member shall be enjoined from commencing or prosecuting, either directly or indirectly, any action concerning or relating to any of the Released Claims. Such injunction shall remain in force until such time as Plaintiffs and Defendants notify the Court that the Class Action

22

Settlement Agreement has been terminated or until the Court enters a Final Order and Judgment.

14. If the Class Action Settlement Agreement is terminated, this Order shall be null and void and of no further force or effect with respect to the terminated Class Action Settlement Agreement, and the proposed Class Action Settlement Agreement may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party to the terminated Class Action Settlement Agreement shall be restored to his, her, or its respective position as it existed prior to execution of the Class Action Settlement Agreement.

15. If the Class Action Settlement Agreement is finally approved by the Court, the Court shall retain exclusive jurisdiction over the parties and the action with respect to matters arising out of, or connected with, the Settlement, and may issue such other orders as necessary to implement the Class Action Settlement Agreement.

AND IT IS SO ORDERED.

Joseph F. Anderson
United States District Judge

July 12, 2012
Columbia, South Carolina

23