THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| IN RE: LANDAMERICA 1031 EXCHANGE SERVICES, INC. INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION | Case No. MDL No. 2054 |
| Angela M. Arthur, as Trustee of the Arthur Declaration of Trust, dated December 29, 1988; Vivian R. Hays, an individual; Leapin Eagle, LLC, a limited liability company; Denise J. Wilson, an individual; Gerald R. Terry, an individual, Ann T. Robbins, an individual; and Jane T. Evans, an individual; on their own behalf and on behalf of a class of others similarly situated, | Southern District of California C.A. No. 3:09-cv-00054 District of South Carolina C.A. No.: 8:09-cv-00415 C.A. No.: 8:09-cv-01739 |
| Plaintiffs, | |
| v. | |
| Theodore L. Chandler, Jr.; G. William Evans; Stephen Connor; Ronald B. Ramos; Devon M. Jones; and Brenton J. Allen, | |
| Defendants. | |

ORDER APPROVING CLASS ACTION
SETTLEMENT AND FINAL JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement.

On November 7, 2012, this Court held a Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine (1) whether the action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (2)

whether the Court should approve the proposed Settlement as contemplated by the Corrected Execution Version of the Class Action Settlement Agreement ("Class Action Settlement Agreement") as fair, reasonable, and adequate; (3) whether the Court should enter an Order and Final Judgment, directing the Released Parties and Released Claims (as defined in the Class Action Settlement Agreement) be dismissed on the merits and with prejudice, and releasing and entering bar orders in favor of the Released Parties as of the Payment Date (as defined in the Class Action Settlement Agreement); (4) whether the Court should approve the plan of allocation as fair and reasonable; and (5) to rule upon such other matters as the Court may deem appropriate.  The Court heard from counsel for Plaintiffs and Defendants, all of whom supported approval of the Class Action Settlement Agreement and entry of this Order and Final Judgment. A full and fair opportunity to be heard was given to all interested persons in accordance with the Preliminary Approval Order and the Notice to Class Members.  Having considered the Parties' moving papers, the Class Action Settlement Agreement, and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises, the Court finds as follows:

     1.     This Court has jurisdiction over the claims of the Settlement Class members asserted in this case and subject matter jurisdiction to approve the Class Action Settlement Agreement.

     2.     To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Class Action Settlement Agreement.

     3.     The Court determines that the mailed Notice that was provided to the Settlement Class members constituted the best notice practicable under the circumstances and provided

adequate notice of the certification of a Settlement Class and of the terms of the proposed Settlement to all Class Members.  The Notice complies with Rule 23 of the Federal Rules of Civil Procedure and with due process, and was reasonably calculated under the facts of this action to apprise the Settlement Class members of the proposed Settlement and of their right to request exclusion from or object to and be heard regarding the Class Action Settlement Agreement and the Motion for Class Counsel's Attorneys' Fees and Reimbursement of Costs. Accordingly, all Settlement Class Members[1] are deemed to have waived and forfeited any such objections because no Class Member filed a timely and valid objection to the Class Action Settlement Agreement.  All Settlement Class Members are bound by all terms of the Class Action Settlement Agreement, including the Releases contemplated herein and this Order and Final Judgment.

4.     Notice also was mailed by Defendants to appropriate state and federal authorities pursuant to the requirements of the Class Action Fairness Act ("CAFA Notice").  The CAFA Notice complies with 28 U.S.C. § 1715, was timely served and more than 90 days have passed since service.

5.     The following Class Members timely requested exclusion for the Class Action Settlement and did not retract their Requests for Exclusion by the Request for Exclusion retraction deadline as extended:

Gregory D. Schultz

---

[1] As used herein, the terms Settlement Class Member or Class Member, do not include any individuals or entities falling within the Settlement Class Definition set forth in paragraph 7 below who timely submitted Requests for Exclusion from the Settlement Class and did not timely retract their Requests for Exclusion by the Request for Exclusion retraction deadline, as extended.

Kyoungae Kim as Trustee of the Kyoungae Kim Trust d. December 16, 2002

DCRE Investments, LLC

None of the parties having the right to terminate the Class Action Settlement Agreement based on Requests for Exclusion exercised that right by the termination deadline, as extended.

6.     The Court hereby reaffirms that, pursuant to Federal Rule 23(a) and (b)(3), (a) the Settlement Class is ascertainable based on objective factors and members of the Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class members; (c) the claims raised by Plaintiffs are typical of the claims of the Settlement Class members; (d) the Settlement Class Representatives have fairly and adequately represented the interests of the Settlement Class members; (e) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, and (f) under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997), the manageability of trying a nationwide class action is not implicated in the settlement context because "the proposal is that there be no trial."

7.     Pursuant to Fed. R. Civ. P. 23, the Court makes final its conditional certification of the Settlement Class, for purposes of effectuating the Settlement only, as a Rule 23(b)(3) class action with a Settlement Class defined as follows:

> each and every person and entity (including the Settlement Class Representatives) who entered into one or more 1031 exchange contracts with LandAmerica 1031 Exchange Services, Inc. ("LES") after February 11, 2008, and whose funds for 1031 exchange transactions were commingled, in whole or in part, with funds of other 1031 customers of LES, and who has been denied access (or who did not receive timely access pursuant to the commingled exchanger's 1031 exchange contract) to any of those funds as a result of or arising out of (a) the bankruptcy of

> LES, or (b) any of the events, acts or conduct alleged in the Amended Consolidated Complaint or the Second Amended Consolidated Complaint filed in this Class Action. The Settlement Class shall also include any person or entity that holds an assignment, participation, or other interest in a claim relating to or arising from a person's or entity's denial of access (or from not receiving timely access) to commingled exchanged funds pursuant to a LandAmerica 1031 Exchange Services, Inc. exchange contract.

8.     The individuals and entities named as Plaintiffs in the caption above are appointed as Settlement Class Representatives and the law firms of Whetstone Myers Perkins & Fulda, LLC, The Gilreath Law Firm, P.A., Hollister & Brace, and Foley, Bezek, Behle & Curtis, LLP are appointed as Settlement Class Counsel as provided for in the Preliminary Approval Order.

9.     The Class Action Settlement Agreement was the product of serious, informed, non-collusive, and non-fraudulent negotiations conducted at arm's-length by the settling Parties. This case and proceedings in the LFG/LES bankruptcy relevant to the claims were vigorously litigated. The Parties had sufficient information, developed in the LFG/LES bankruptcy proceedings and in this case, to evaluate their positions and make intelligent decisions regarding settlement.

10.    The Court has considered, among other information, the extent of the claimed damages; the amounts available to and previously paid out to Settlement Class members from the bankruptcy estate of LES and LFG;[2] factual information disclosed in the bankruptcy proceedings; the Defendants' and Released Parties' potential liability; Defendants' potential defenses and the pending Motions to Dismiss; the risks, costs, and complexity of maintaining this case as a class action through trial; the settlement amount herein; the absence of Settlement Class Member

---

[2] It appears that the net proceeds of this settlement, together with distributions made and to be made from the Bankruptcy Trustee and a second class action, will compensate the Class Members 100% of their principle loss of exchange funds.

5

objections; the absence of noticed federal or state officials in the case; the experience and views of counsel; and the benefits of settlement to the Settlement Class Members. These considerations and all the circumstances of the case support the conclusion that the Settlement is within the range of reasonableness. Accordingly, the Court concludes that the resolution of this case by way of settlement is proper, and the Settlement is approved as fair, adequate, and reasonable, and is in the best interest of the Plaintiffs and the Settlement Class members.

11. In the event that this Order and Final Judgment is reversed, vacated, set aside, or modified in any material respect, for any reason, or the Class Action Settlement Agreement terminated, the certification of the Settlement Class shall be void and of no effect, all orders entered pursuant to the Class Action Settlement Agreement shall be deemed vacated and the Defendants will retain the right to challenge the propriety of class certification. Under such circumstances, all Parties shall be restored to his, her, or its respective positions as they existed prior to the execution of the Class Action Settlement Agreement.

12. The Settlement Class Representatives, members of the Settlement Class, Settlement Class Counsel, the Defendants, and all parties to the Class Action Settlement Agreement are authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions of the Class Action Settlement Agreement.

13. Upon the Payment Date (as defined in the Class Action Settlement Agreement), the Settlement Class Representatives and each of the Settlement Class members, shall be deemed to have fully, finally, and forever released, settled, relinquished, acquitted, and discharged the Released Claims in accordance with the terms of the Class Action Settlement Agreement. The previous sentence does not apply to the claims currently being asserted (against persons other

than the Defendants, the other D&Os and other former officers and directors of LFG and/or LES) in the litigation *Hays, et al. v. Commonwealth Land Title Insurance Company, et al.,* pending in the United States District Court for the Northern District of California, Case No.: C 10-05336 JSW.

14. To the fullest extent permitted by law, the Settlement Class Representatives and all Settlement Class members, upon consummation of the Settlement on the Payment Date (as defined in the Class Action Settlement Agreement), will be permanently barred and enjoined from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any lawsuit asserting any of the Released Claims against the Released Parties (as defined in the Class Action Settlement Agreement), either directly, representatively, or in any other capacity. The previous sentence does not apply to the claims currently being asserted (against persons other than the Defendants, the other D&Os and other former officers and directors of LFG and/or LES) in the litigation *Hays, et al. v. Commonwealth Land Title Insurance Company, et al.*, pending in the United States District Court for the Northern District of California, Case No.: C 10-05336 JSW.

15. A Qualified Settlement Fund is hereby established pursuant to 26 C.F.R. § 1.46813 *et. seq.*, into which, on the Payment Date (as defined in the Class Action Settlement Agreement), the Settlement Amount (as defined in the Class Action Settlement Agreement), shall be deposited. Kurtzman Carson Consultants LLC is hereby appointed as Administrator of the Settlement Fund. The Settlement Fund and the Settlement Fund Administrator shall remain under the jurisdiction of this Court in connection with the matters described herein. The Settlement Fund Administrator shall have no liability in connection with service as Settlement

Fund Administrator except for gross negligence or willful misconduct.

16. No payments will be made to any member of the Settlement Class who submitted a timely and valid Request for Exclusion and did not submit a timely and valid retraction pursuant to Section 8 of this Class Action Settlement Agreement ("Opt-Outs").

17. The net amount of the Settlement Fund remaining after payment of Class Counsel Payments and Costs of Administration (the "Net Settlement Fund") will be distributed to each member of the Settlement Class who is not an Opt-Out and is neither an Assignor nor an Assignee as set forth in Exhibit E to the Class Action Settlement Agreement or later ascertained pursuant to the records of the Bankruptcy Court of the Eastern District of Virginia, based on the following formula to determine the *pro-rata* share of that member of the Settlement Class: (i) the approved principal claim amounts for that Settlement Class Member (as reflected on Schedule 1.34 of the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and its Affiliated Debtors confirmed by the Bankruptcy Court (the "LFG/LES Plan of Reorganization"), as supplemented or modified by Order of the Bankruptcy Court) will be divided by the total of approved principal claim amounts (as reflected on Schedule 1.34 of the LFG/LES Plan of Reorganization as supplemented or modified by Orders of the Bankruptcy Court) of all commingled exchanger members of the Settlement Class (including Opt-Outs); and (ii) the resulting percentage will be multiplied by the Net Settlement Fund.

18. For assignments listed on Exhibit E or later ascertained pursuant to the records of the Bankruptcy Court of the Eastern District of Virginia, if neither the assignor nor the assignee is an Opt-Out, then the *pro rata* amount attributable to the assignor will be based on the following formula to determine the *pro rata* share attributable to the assignor: (i) the approved

principal claim amounts (as reflected on Schedule 1.34 of the LFG/LES Plan of Reorganization, as supplemented or modified by Orders of the Bankruptcy Court) of the assignor will be divided by the total of approved principal claim amounts (as reflected on Schedule 1.34 of the LFG/LES Plan of Reorganization, as supplemented or modified by Orders of the Bankruptcy Court) of all commingled exchanger members of the Settlement Class (including Opt-Outs); and (ii) the resulting percentage will be multiplied by the Net Settlement Fund.  The distribution of the *pro rata* amount attributable to the assignor based on this calculation will be made as directed upon valid submission to Settlement Class Counsel of distribution instructions duly executed by both assignor and the corresponding assignee.  In the case of a dispute between assignor and corresponding assignee as to the proper distribution, either the assignor or the assignee may move this Court for resolution of the issue and distribution shall be made as determined by order of this Court once all appeals from such order have been exhausted.  Settlement Class Counsel must receive the signed distribution instructions or notice that the matter is disputed and pending before this Court within six (6) months after the Effective Date or those funds will be treated as unclaimed as provided for in Paragraph 25 of this Order.

19.     For assignments listed on Exhibit E or later ascertained pursuant to the records of the Bankruptcy Court of the Eastern District of Virginia, if either the assignor or the assignee is an Opt-Out (but not both), then the *pro rata* amount attributable to the assignor will be based on the following formula to determine the *pro rata* share of that assignor: (i) the approved principal claim amounts (as reflected on Schedule 1.34 of the LFG/LES Plan of Reorganization, as supplemented or modified by Orders of the Bankruptcy Court) of the assignor will be divided by the total of approved principal claim amounts (as reflected on Schedule 1.34 of the LFG/LES

Plan of Reorganization, as supplemented or modified by Orders of the Bankruptcy Court) of all commingled exchanger members of the Settlement Class (including Opt-Outs); and (ii) the resulting percentage will be multiplied by the Net Settlement Fund. The distribution of the *pro rata* amount attributable to the assignor based on this calculation will be made as directed upon submission to Settlement Class Counsel of valid distribution instructions duly executed by both assignor and the corresponding assignee, if the person on behalf of whom payment is directed is not an Opt Out. To be valid, these distribution instructions, duly executed by both the assignor and the corresponding assignee, must provide instructions for the payment of the applicable *pro rata* amount and must be received by Settlement Class Counsel within six (6) months after the Effective Date. If such instructions are not timely received then; (1) the *pro rata* amount will be held until ownership of the Arthur Class Claim is resolved in favor of a person who is participating in the Class Action Settlement Agreement with respect to that claim, in which event the *pro rata* share (and any interest thereon) will be distributed as directed by that person; (2) the *pro rata* share will be held until ownership of the Arthur Class Claim is resolved in favor of the person who is an Opt-Out, in which event the *pro rata* share (and any interest thereon) will be treated as attributable to an Opt Out for the purpose of Paragraph 26 of this Order; or (3) the *pro rata* share (and any interest thereon) will be held until otherwise ordered by this Court. Settlement Class Counsel shall forward to each of the Defendants (pursuant to Section 12.1 of the Class Action Settlement Agreement) within one (1) business day of receipt, each of the distribution instructions received. For the purpose of this paragraph of this Order an issue is resolved if this Court has entered an order resolving that issue and all rights to appeal that order have been exhausted or the time for such appeals has expired.

20.	For assignments listed on Exhibit E of the Class Action Settlement Agreement, or later ascertained pursuant to the records of the Bankruptcy Court of the Eastern District of Virginia, if both the assignor and the assignee are Opt Outs or the person on whose behalf the payment is directed by the instruction is an Opt Out, then the *pro rata* share (and any interest thereon) attributable to the assignor shall be distributed pursuant to Paragraph 26 of this Order.

21.	In the case of a dispute between assignor and corresponding assignee as to the proper distribution or in absence of such instructions, each Defendant, Settlement Class Counsel, the assignor or the assignee may move this Court for resolution of the issue and distribution shall be made as determined by order of this Court.

22.	The Distribution Formula set forth herein is subject to revision by mutual agreement of the Settlement Class Counsel and Defendants and as approved by further order of this Court to further the goal of providing a fair and equitable allocation of the Net Settlement Funds to the Settlement Class members.  Nothing contained in this section is intended to impact the contractual and common law rights and/or remedies arising between the assignors and assignees by virtue of the assignment and the contractual agreement between them.

23.	Payment to each member of the Settlement Class shall be in the form of a check drawn on the Settlement Fund, issued by the Settlement Administrator, and made payable to "[Name of Settlement Class Member]."

24.	Each check issued pursuant to the Class Action Settlement Agreement shall be void if not negotiated within one hundred and twenty (120) calendar days after its date of issue ("Void Date"), and shall contain a legend to such effect.  Checks that are not negotiated by the Void Date shall not be reissued unless otherwise agreed by both Settlement Class Counsel and

each of the Defendants or ordered by this Court, but the Class Action Settlement Agreement and its Release shall in all other respects be fully enforceable against the member of the Settlement Class.

25. All payments that are not cashed by Settlement Class members, including all returned Settlement Checks, all undeliverable checks, and all Settlement Checks not cashed by the Void Date, or sums otherwise unclaimed may either be paid *pro rata* to members of the Settlement Class, to the extent practicable, or disposed of as directed by further order of the Court.

26. The portion of the Settlement Amount that is attributable to non-retracted Opt Outs will be returned to the Side A Carriers and shall be treated for coverage purposes as if it had never been disbursed by the Side A Carrier to which it was returned. The non-retracted Opt Outs and the amounts attributable to their *pro rata* shares of the Settlement are:

Gregory D. Schultz – $2,138.62

Kyoungae Kim, as T'ee of the Kyoungae Kim Trust, d. December 16, 2002 – $1,380.35

DCRE Investments, LLC – $36,588.76

Accordingly, the final Settlement Amount, after reduction of the *pro rata* share of the opt-outs, is $3,959,892.27.

27. None of the Released D&O Parties is personally liable for the payment of the Side A Settlement Proceeds, the Additional Settlement Amount, or the Employed Lawyers Settlement Proceeds. None of the Released D&O Parties shall be responsible for payments to members of the Settlement Class, Class Counsel Payments or Costs of Administration, or any other expenses of the Settlement Fund, including but not limited to taxes, any fees and expenses of Settlement

Class Counsel, experts, consultants, and agents, or any administrative or other approval expenses of the Settlement, costs and expenses of providing notice to members of the putative Settlement Class, costs and expenses associated with the administration of the Settlement Fund, escrow fees, taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the payment or withholding of taxes, or the preparation or filing of any returns. None of the Released D&O Parties shall be responsible for the operation or administration of the Settlement Fund, and none of them shall have any liability with respect to any aspect of the operation or administration of the Settlement Fund. Settlement Class Counsel shall have sole responsibility for disbursements from the Settlement Fund.

28. This Court approves the retention in the Settlement Fund of $15,000.00 for the estimated costs of Settlement Administration, including but not limited to the costs of dissemination of the Notice to Class Members, the fees and costs of the Settlement Fund Escrow Agent/Administrator for holding and distributing the net Settlement Funds and tax compliance.

29. Pursuant to the Class Action Settlement Agreement, neither the Defendants nor the Released Parties shall be responsible for any Settlement Administration expenses, including but not limited to costs and expenses of providing Notice to members of the Settlement Class, costs and expenses associated with the administration of the Settlement Fund, escrow fees, taxes, or custodial fees. The Settlement Class and/or its counsel shall be responsible for such costs.

30. Within three (3) business days of the Payment Date (as defined by the Class Action Settlement Agreement) this action will be dismissed on the merits and with prejudice, with the parties bearing their own fees and costs.

31. By separate Order, this Court will rule on the issues of Settlement Class Counsel's

attorneys' fees and expense reimbursement. The Court's granting of any fee award to Settlement Class Counsel is not a condition for approval of the Class Action Settlement Agreement. Any decision by the Court concerning Settlement Class Counsel's fee award or expense reimbursement shall not affect the validity or finality of this Order and Final Judgment, nor shall any such decision affect or delay the Effective Date or Payment Date as provided for in the Class Action Settlement Agreement.

      32. To the fullest extent permitted by law, each of the Barred Parties ("Barred Parties" includes any party currently named as a defendant (including as a cross-claim defendant) in any action brought by a member of the Settlement Class (other than an Opt-Out) or any party who settles with a member of the Settlement Class, (other than an Opt-Out) without being named in a complaint, counterclaim, or cross-claim) is hereby permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim for contribution and/or indemnity against any of the Released D&O Parties as defined in the Class Action Settlement Agreement (or any other claim of a Barred Party against a Released D&O Party, where the injury to the Barred Party is based on the allegations of the Barred Party's liability to a member of the Settlement Class (who is not an Opt-Out)(as defined in the Class Action Settlement Agreement) in connection with asserted liability to the Settlement Class member, relating to or arising out of the claims released by Settlement Class in the Class Action Settlement Agreement, or otherwise seeking to recover all or a part of a judgment or settlement paid in satisfaction of such liability, including claims or allegations asserted by the Settlement Class Representatives, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims or third-party claims in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or

other forum (collectively, the "Barred Claims")).  The recovery by any member of the Settlement Class (who is not an Opt-Out), if any, on his asserted and assertable claims against any Barred Party shall be reduced by the amount of the Released D&O Parties' equitable and proportionate share of any joint and several liability, or such greater amount, if any, so that no Released D&O Party is required to pay any judgment against it, as may be required under applicable law, as will be determined later by a Court.

33.  The Defendants have stated that they acted properly at all times and they deny any wrongdoing, fault, liability, intentional or negligent conduct and deny that they have committed any violation of law.  Nothing in this Order should be construed as finding that the Defendants acted improperly, engaged in any wrongdoing, or violated the law.

34.  Without affecting the finality of this Order and Final Judgment, the Court retains continuing jurisdiction for purposes of supervising, administering, implementing, enforcing and interpreting the Class Action Settlement Agreement (including the distribution of funds to Settlement Class Members), this Order and Final Judgment, ruling on Class Counsel's attorneys' fee award and expense reimbursement.

IT IS SO ORDERED.

November 7, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge