# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON DIVISION

| | |
|---|---|
| IN RE: LANDAMERICA 1031 EXCHANGE SERVICES, INC. INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION | MDL No. 2054 |
| Angela M. Arthur, as Trustee of the Arthur Declaration of Trust, dated December 29, 1988; Vivian R. Hays, an individual; Leapin Eagle, LLC, a limited liability company; Denise J. Wilson, an individual; Gerald R. Terry, an individual, Ann T. Robbins, an individual; and Jane T. Evans, an individual; on their own behalf and on behalf of a class of others similarly situated, | Southern District of California C.A. No. 3:09-cv-00054  District of South Carolina C.A. No.: 8:09-cv-00415 |
| Plaintiffs, | |
| v. | |
| SunTrust Bank; Theodore L. Chandler, Jr.; G. William Evans; Stephen Conner; Ronald B. Ramos; Devon M. Jones; and Brenton J. Allen, | |
| Defendants. | |

## CONSENT ORDER TO DISPOSE OF
## RESIDUAL CLASS ACTION SETTLEMENT FUNDS BY *CY PRES* AWARD
## TO THE PUBLIC JUSTICE FOUNDATION

Plaintiffs have moved for an Order authorizing disposal of residual Settlement Funds remaining following administration of the Class Action Settlement in the above matter. On November 7, 2012, this Court entered its Order and Final Judgment in this matter approving a Class Settlement and authorizing Class Counsel to go forward with claims administration and all other matters necessary to consummate the Settlement. No appeal was taken and the Order

became final on December 7, 2012.  It appears to the Court that Class Counsel and the Claims Administrator have completed all tasks necessary to fully distribute the Settlement Funds in accordance with the terms of the Order and Final Judgment and the Settlement Agreement, and that a residual amount of $11,931.14 remains in the Settlement Fund.

The Settlement Agreement provides at Section 7.21.4 that residual funds may be paid *pro rata* to members of the settlement class, to the extent practicable, or disposed of as directed by further Order of the Court.  It appears to the Court that the residual funds are not sufficient to distribute *pro rata* given the costs required to administer a second distribution.  Plaintiffs' counsel have therefore moved that the residual funds be disposed of by donation to a non-profit organization as a *cy pres* award.

The Public Justice Foundation is a not-for-profit, §501(c)(3) charitable organization that undertakes litigation on "precedent-setting and socially significant" issues such as civil rights and civil liberties, consumer rights, and worker rights and educates the public on critical public interest issues.  The Public Justice Foundation has been frequently approved to receive *cy pres* awards.  It appears that all parties consent to a *cy pres* award of the residual funds to the Public Justice Foundation.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Class Counsel is to distribute the $11,931.14 residual amount in the Settlement Fund to the Public Justice Foundation forthwith.

AND IT IS SO ORDERED.

Columbia, South Carolina
July 13, 2015

JOSEPH F. ANDERSON
UNITED STATES DISTRICT JUDGE